IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV631-MU-02
(3:01CR52-MU)

KEVIN EUGENE TEAGUE,    )
    Petitioner,         )
                        )
v.                      )           **ORDER**
                        )
UNITED STATES OF AMERICA,)
    Defendant.          )
_____)

**THIS MATTER** comes before the Court on the petitioner's "Motion For Discovery" and his "Motion To Amend," both filed January 31, 2005 (documents ## 4 and 5); on the government's combined Response and Motion for Summary Judgment, filed May 19, 2005 (document # 10); and on the petitioner's "Motion For Extension Of Time," filed June 2, 2005 (document # 11).

The record of this matter reflects that the petitioner filed his Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. §2255 on December 28, 2004. After obtaining two extensions of time, on May 19, 2005, the government filed its combined Response and Motion for Summary Judgment, addressing both the petitioner's original and proposed amended claims. Thus, inasmuch as the petitioner's proposed amended claims were submitted to the Court before the time that the government filed its Response, and such Response addresses those additional matters, the petitioner's Motion to Amend will be granted, **nunc pro tunc**.

Regarding his Motion for Discovery, by that document the petitioner has asked this Court to direct the government and his former attorney to provide to him "any and all documents and correspondence" exchanged with one another, including "all verbal communication pertaining to any proposed plea agreement or plea agreement negotiations." However, notwithstanding his broad request, the petitioner failed to specifically identify a particularized need for the subject information. Thus, the petitioner has failed to show good cause for his request, and therefore, that request must be <u>denied</u>. See Rules Governing Section 2255 Proceedings, 6(a).

Finally, the petitioner is seeking an extension of time in which to respond to the government's Motion for Summary Judgment. However, inasmuch as the Court has not yet entered its standard <u>Roseboro</u>-style Order by which the petitioner will be directed to respond to the government's Motion for Summary Judgment, the instant Motion for Extension of Time will be <u>dismissed</u> as moot, and the petitioner will be directed to file his response as set forth hereafter.

Indeed, as has already been noted, on May 19, 2005, the government filed its combined Response and Motion for Summary Judgment. After careful consideration of the foregoing documents, the Court has determined that the government may be entitled to summary judgment as a matter of law.

**PETITIONER TEAGUE, PLEASE READ THIS:**

The petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the government. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the government, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the petitioner and sworn before a Notary Public. If the petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

The petitioner is further hereby advised that he has thirty (30) days from the filing of this Order in which to file such

documents, affidavits, or unsworn declarations in opposition to the government's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Amend is **GRANTED, nunc pro tunc;**

2. That the petitioner's Motion for Discovery is **DENIED;**

3. That the petitioner's Motion for Extension of Time is **DISMISSED as moot;** and

4. That the petitioner has thirty (30) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the government's Motion for Summary Judgment.

**SO ORDERED.**

**Signed: June 20, 2005**

Graham C. Mullen
Chief United States District Judge